# CAMARA & SIBLEY LLP

4400 POST OAK PKWY, SUITE 2700, HOUSTON, TEXAS 77027
T: 713.966.6789  -  F: 713.583.1131

JOE SIBLEY  -  SIBLEY@CAMARASIBLEY.COM  -  EXT. 3002

July 31, 2020

Sent *via Certified Mail, Return Receipt Requested* to:

Dwight A Kinsey
1540 Broadway
New York, NY 10036

Sent *via facsimile* to: 212-404-8727
Sent *via email* to: DAKinsey@duanemorris.com

RE:  Demand for Certain Books and Records of William H. Sadlier, Inc.

Dear Mr. Kinsey,

I have received your letter response ("**Response**") dated July 13, 2020 in response to my client Trondheim's first Demand for Certain Books and Records of William H. Sadlier, Inc. ("**Sadlier**") dated June 20, 2020 (the "**First Demand**"). Subsequent to your Response, Trondheim also – finally – received financial statements from Sadlier for the year 2019. These arrived in the third week of July which gives Sadlier the dubious distinction of being one of the slowest reporting companies in America.

More importantly, this tardiness in reporting means that Trondheim's financial and business information regarding Sadlier is seven months old. Trondheim has no idea whether the recent years' business deterioration, which continued in the year 2019, is getting better or worse so far this year. That means that Trondheim does not know – cannot know – what its shares are worth. Valuing shares is unequivocally a proper purpose for requesting corporate books and records under New York law. You can see attached as an exhibit to this letter a matrix that we have prepared that shows how each record requested by Trondheim relates to a purpose or purposes (a) through (m).[1]

Sadlier's annual report and letter to shareholders raise serious concerns which relate back to the books and records requested in the First Demand, and which will require us to make additional demands of you in this letter. The shareholder letter discloses various negative trends and risk factors of the Sadlier business for the first time:

- "[O]ur business landscape has changed significantly over the last two decades. The numbers of Catholic Schools and their students has declined throughout the period."
- a "major shift in the competitive landscape in the markets"

---

[1]     Note that Trondheim no longer needs the 2019 Annual Report, which had been First Demand item number six, since it finally arrived.

CAMARA & SIBLEY LLP

- "[W]ith the declining Catholic School enrollments plus the impact of new technologies and the enablement of new digitally focused competition, including in some sectors competition from free online materials, our business has experienced sales erosion."
- "tumultuous times"

These important risk factors and negative trends have never been mentioned in past Sadlier annual reports or communicated to shareholders in any way, even though the letter discloses that, at least as far back as 2017, company management "recognized these trends and the need for change"!

We believe that the failure to disclose these and other materially negative events and information at the time Sadlier knew of them constitutes securities fraud, the investigation of which you may recall was one of the purposes – (e) to be specific – of the First Demand.

By this letter, Trondheim makes a Second Demand, pursuant to Section 624 of the New York Business Corporation Law and the common law of the State of New York, to inspect the records and documents specified below and to make copies and extracts therefrom:

23. A copy of the current "Shareholders Agreement" of Sadlier (mentioned in your Response, and to which 73% of Company shareholders are a party), and any previous versions, and any amendments thereto.
22. All records pertaining to the purchase of 3,500 shares for the treasury of Sadlier during 2019, including but not limited to correspondence with brokers, selling shareholders, analyses of purchase price, capital allocation, and the purchase agreements.
23. All records pertaining to the grant of 3,400 shares of stock to Board members of Sadlier, including but not limited to any communications, memoranda, or correspondence by, to, or among Sadlier and/or its employees or directors regarding this matter.
24. All records pertaining to "declining sales," "competitive shifts," "tumultuous times," "sales erosion," and/or the "change agenda" established in 2017, including but not limited any plans, communications, memoranda, or correspondence by, to, or among Sadlier and/or its employees or directors regarding these matters.
25. All records pertaining to Sadlier's "non-cancelable operating lease agreement for new office space in New York City," including but not limited to a copy of the lease, any analyses of this business decision, and any communications, memoranda, or correspondence by, to, or among Sadlier and/or its employees or directors regarding this matter.
26. All records pertaining to the "contingency plans for other potential spending cuts" that were mentioned in the letter to shareholders dated June 25, 2020.

The purposes of this Second Demand by Trondheim are as follows:

a. Independently assessing and verifying the value of Trondheim's shares;

CAMARA & SIBLEY LLP

    b.   Independently determining and assessing the reasons for the Company's deteriorating performance;

    c.   Determining whether the Company's business is being properly conducted;

    d.   Determining whether the Company's officers and/or directors have engaged in tortious conduct such as shareholder oppression, nepotism, waste, usurpation of corporate opportunities, or other breaches of fiduciary duty;

    e.   Determining whether the Company, its officers, and/or directors have engaged in securities fraud;

    f.   Communicating with other shareholders of the Company regarding the matters listed in Items a-e above;

    g.   Assessing the value of Trondheim's shares in a status quo scenario;

    h.   Assessing the value of Trondheim's shares in a scenario where the Company cuts costs;

    i.   Assessing the value of Trondheim's shares in a scenario where the Company sells to an acquirer;

    j.   Determining whether Trondheim should seek representation on the Board of the Company;

    k.   Determining whether Trondheim should make one or more shareholder proposals on a platform that compares the status quo with a sale of the company or with cost-cutting to improve performance;

    l.   Sharing with other shareholders the range of possible values realized depending on the path that they and/or the Company choose; and

This demand is a continuing demand. Trondheim demands that modifications, additions or deletions to any and all information referred to in this letter be immediately furnished to it as such modifications, additions or deletions become available to the Company or its agents or representatives. Trondheim further reserves the right to withdraw or modify this request at any time. If the Company does not respond to this letter or fails to permit inspection and copying of the demanded materials as required by the BCL, Trondheim will immediately seek appropriate relief to the fullest extent permitted under law.

Respectfully,

/s/ Joe Sibley

Joe Sibley

# EXHIBIT

# A

Sheet1

| Item # | Short Description | (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 1 | Shareholder list – certificate | x | | | |
| 2 | Shareholder list – NOBO | x | | | |
| 3 | Certificate of Incorporation | x | | x | x |
| 4 | Bylaws | x | | x | x |
| 5 | Annual Reports | x | x | x | x |
| 6 | Current Annual Report – 2019 | | | | |
| 7 | Financials YTD 2020 | x | x | x | x |
| 8 | Board & Committee Minutes | x | x | x | x |
| 9 | Board & Committee Materials | x | x | x | x |
| 10 | Compensation Information | x | x | x | x |
| 11 | Related Party Payments | x | x | x | x |
| 12 | CoC / CoE / Other Policies | x | x | x | x |
| 13 | M&A Information | x | x | x | x |
| 14 | Business Plan & Capital Allocation | x | x | x | x |
| 15 | Insider Share Purchases | x | x | x | x |
| 16 | Share Repurchases | x | x | x | x |
| 17 | Capital Budgeting | x | x | x | x |
| 18 | Shareholder Communications | x | x | x | x |
| 19 | Insider Compensation | x | x | x | x |
| 20 | Job Descriptions | x | x | x | x |
| 21 | Intangible Asset Accounting | x | x | x | x |
| 22 | Succession Planning | x | x | x | x |

Sheet1

| | | Inspection Purpose | | | | | |
| (e) | (f) | (g) | (h) | (I) | (j) | (k) | (l) |
|---|---|---|---|---|---|---|---|
| | x | | | | x | x | x |
| | x | | | | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| | | | | | | | |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | x | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |
| x | | x | x | x | x | x | x |