UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRONDHEIM CAPITAL PARTNERS, LP, | No. 20-CV-06286 (AKH) |
| Plaintiff, | |
| -against- | **ANSWER** |
| WILLIAM H. SADLIER, INC., | |
| Defendant. | |

Defendant William H. Sadlier, Inc. ("Defendant" or "Sadlier"), through its attorneys, Duane Morris, LLP, hereby responds to the Complaint of Plaintiff Trondheim Capital Partners, LP ("Plaintiff" or "Trondheim") as follows:

## NATURE OF THE ACTION

1.      Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 1 of the Complaint to the extent that they allege the reasons for which Plaintiff commenced this action.  Defendant denies the remaining allegations set forth within Paragraph 1 of the Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 2 of the Complaint.  Defendant avers that it has not violated any securities laws or common law obligations with regard to any alleged shareholder rights of the Plaintiff.

## THE PARTIES

3.      Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 3 of the Complaint.

4.      Defendant admits the allegations set forth within Paragraph 4 of the Complaint to the extent that they allege that Defendant is a corporation organized and existing pursuant to the laws of the State of New York and maintains its principal place of business in New York, New York.

## JURISDICTION AND VENUE

5.      Defendant does not respond to the allegations set forth within Paragraph 5 of the Complaint as they set forth a legal conclusion to which no response is required.

6.      Defendant does not respond to the allegations set forth within Paragraph 6 of the Complaint as they set forth a legal conclusion to which no response is required.

7.      Defendant does not respond to the allegations set forth within Paragraph 7 of the Complaint as they set forth a legal conclusion to which no response is required.

## FACTS

8.      Defendant admits the allegations set forth within Paragraph 8 of the Complaint.

9.      Defendant admits the allegations set forth within Paragraph 9 of the Complaint to the extent that they allege that Defendant is a publishing company headquartered in New York, New York.  Defendant neither admits nor denies the allegations set forth within Paragraph 9 of the Complaint to the extent that they refer to Defendant's financial reports and respectfully refers the Court to the referenced reports for a true and accurate reading of their contents in their proper context.  Defendant denies the remaining allegations set forth within Paragraph 9 of the Complaint.

10.     Defendant neither admits nor denies the allegations set forth within Paragraph 10 of the Complaint to the extent that they refer to Defendant's financial reports and respectfully refers the Court to the referenced reports for a true and accurate reading of their contents in their

proper context. Defendant denies the remaining allegations set forth within Paragraph 10 of the Complaint.

11.    Defendant neither admits nor denies the allegations set forth within Paragraph 11 of the Complaint to the extent that they refer to Defendant's financial reports and respectfully refers the Court to the referenced reports for a true and accurate reading of their contents in their proper context. Defendant denies the remaining allegations set forth within Paragraph 11 of the Complaint.   Defendant avers that it is not required by law to provide the referenced "Management Discussion & Analysis."

12.    Defendant admits the allegations set forth within Paragraph 12 of the Complaint to the extent that they allege that Defendant trades under the symbol SADL. Defendant denies the remaining allegations set forth within Paragraph 12 of the Complaint.

13.    Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 13 of the Complaint to the extent that they relate to Plaintiff's alleged "concerns." Defendant denies the remaining allegations set forth within Paragraph 13 of the Complaint.

14.    Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 14 of the Complaint to the extent that they relate to Plaintiff's alleged "confidence" with regard to Defendant. Defendant denies the remaining allegations set forth within Paragraph 14 of the Complaint.

15.    Defendant admits the allegations set forth within Paragraph 15 of the Complaint to the extent that they allege that Plaintiff is a shareholder of Defendant. Defendant does not respond to the allegations set forth within Paragraph 15 of the Complaint to the extent that they refer to Plaintiff's alleged shareholder rights as they set forth legal conclusions to which no

response is required.  Defendant denies the remaining allegations set forth within Paragraph 15 of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 16 of the Complaint.

17.     Defendant neither admits nor denies the allegations set forth within Paragraph 17 of the Complaint and respectfully refers the Court to the referenced mailing for a true and accurate reading of its contents in their proper context. Defendant avers that it is not required by law to provide the referenced proxy statement.

18.     Defendant neither admits nor denies the allegations set forth within Paragraph 18 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

19.     Defendant denies the allegations of Paragraph 19 of the Complaint.

20.     Defendant neither admits nor denies the allegations set forth within Paragraph 20 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

21.     Defendant neither admits nor denies the allegations set forth within Paragraph 21 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

22.     Defendant neither admits nor denies the allegations set forth within Paragraph 22 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

23.    Defendant neither admits nor denies the allegations set forth within Paragraph 23 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

24.    Defendant neither admits nor denies the allegations set forth within Paragraph 24 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

25.    Defendant neither admits nor denies the allegations set forth within Paragraph 25 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

26.    Defendant neither admits nor denies the allegations set forth within Paragraph 26 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

27.    Defendant neither admits nor denies the allegations set forth within Paragraph 27 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

28.    Defendant neither admits nor denies the allegations set forth within Paragraph 28 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

29.    Defendant denies the allegations of Paragraph 29 of the Complaint.

30.    Defendant does not respond to the allegations set forth within Paragraph 30 of the Complaint to the extent that they refer to Plaintiff's alleged common law rights as they set forth a legal conclusion to which no response is required. Defendant denies the remaining allegations set forth within Paragraph 30 of the Complaint.

31.    Defendant admits the allegations set forth within Paragraph 31 of the Complaint to the extent that they allege that Sadlier's annual shareholder meeting took place on or about June 29, 2017.  Defendant denies the allegations set forth within Paragraph 31 of the Complaint to the extent that they allege that Sadlier's annual shareholder meeting was a "sham." Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the remaining allegations set forth within Paragraph 31 of the Complaint.

32.    Defendant denies the allegations set forth within Paragraph 32 of the Complaint to the extent that they alleged that Defendant's 2017 annual shareholder meeting was a "sham." Defendant neither admits nor denies the remaining allegations set forth within Paragraph 32 of the Complaint and respectfully refers the Court to the referenced press release for a true and accurate reading of its contents in their proper context.

33.    Defendant denies the allegations set forth within Paragraph 33 of the Complaint.

34.    Defendant denies the allegations set forth within Paragraph 34 of the Complaint.

35.    Defendant denies the allegations set forth within Paragraph 35 of the Complaint.

36.    Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 36 of the Complaint to the extent that they relate to Plaintiff's alleged "wishes", his availability to attend Defendant's annual shareholder meeting, and his engagement of counsel to act on his behalf.  Defendant neither admits nor denies the remaining allegations set forth within Paragraph 36 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

37.    Defendant neither admits nor denies the allegations set forth within Paragraph 37 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

38.    Defendant neither admits nor denies the allegations set forth within Paragraph 38 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

39.    Defendant neither admits nor denies the allegations set forth within Paragraph 39 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

40.    Defendant does not respond to the allegations set forth within Paragraph 40 of the Complaint to the extent that they refer to "clear New York case law", as they set forth legal conclusions to which no response is required.  Defendant neither admits nor denies the remaining allegations set forth within Paragraph 40 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

41.    Defendant does not respond to the allegations set forth within Paragraph 41 of the Complaint to the extent that they refer to the alleged "common law right for shareholders" as they set forth a legal conclusion to which no response is required.  Defendant neither admits nor denies the remaining allegations set forth within Paragraph 41 of the Complaint and respectfully refers the Court to the referenced financial reports and communication for a true and accurate reading of their contents in their proper context.

42.    Defendant neither admits nor denies the allegations set forth within Paragraph 42 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

43.     Defendant neither admits nor denies the allegations set forth within Paragraph 43 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

44.     Defendant neither admits nor denies the allegations set forth within Paragraph 44 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

45.     Defendant neither admits nor denies the allegations set forth within Paragraph 45 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

46.     Defendant neither admits nor denies the allegations set forth within Paragraph 46 of the Complaint and respectfully refers the Court to the referenced communication for a true and accurate reading of its contents in their proper context.

**AS AND FOR DEFENDANT'S RESPONSE TO FIRST CAUSE OF ACTION**

47.     Defendant repeats each and every response set forth within Paragraphs 1 through 46 of this Answer as if set forth in full herein.

48.     Defendant does not respond to the allegations set forth within Paragraph 48 of the Complaint to the extent that they refer to alleged "well settled New York law" as they set forth a legal conclusion to which no response is required.  Defendant denies the remaining allegations set forth within Paragraph 48 of the Complaint.

49.     Defendant denies the allegations set forth within Paragraph 49 of the Complaint.

50.     Defendant denies the allegations set forth within Paragraph 50 of the Complaint.

51.     Defendant denies knowledge sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 51 of the Complaint.  Defendant avers that Plaintiff is not entitled to judgment against Defendant in this action.

**AS AND FOR DEFENDANT'S RESPONSE TO SECOND CAUSE OF ACTION**

52.      Defendant repeats each and every response set forth within Paragraph 1 through 51 of this Answer as if set forth in full herein.

53.      Defendant does not respond to the allegations set forth within Paragraph 53 of the Complaint as they set forth a legal conclusion to which no response is required.

54.      Defendant denies the allegations set forth within Paragraph 54 of the Complaint.

55.      Defendant denies the allegations set forth within Paragraph 55 of the Complaint.

56.      Defendant denies knowledge sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 56 of the Complaint.  Defendant avers that Plaintiff is not entitled to judgment against Defendant in this action.

**AS AND FOR DEFENDANT'S RESPONSE TO THIRD CAUSE OF ACTION**

57.      Defendant repeats each and every response set forth within Paragraph 1 through 56 of this Answer as if set forth in full herein.

58.      Defendant denies the allegations set forth within Paragraph 58 of the Complaint.

59.      Defendant denies the allegations set forth within Paragraph 59 of the Complaint.

60.      Defendant denies the allegations set forth within Paragraph 60 of the Complaint.

61.      Defendant denies the allegations set forth within Paragraph 61 of the Complaint.

62.      Defendant denies the allegations set forth within Paragraph 62 of the Complaint.

63.      Defendant denies knowledge or information sufficient to form a belief with regard to the truth of the allegations set forth within Paragraph 63 of the Complaint.  Defendant avers that Plaintiff is not entitled to judgment against Defendant in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

64.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

65.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

66.     Any alleged damages suffered by Plaintiff are the result of Plaintiff's own contributory negligence or the conduct of third-parties which are not under the control of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred in whole or in part by its failure to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims are barred in whole or in party by the doctrine of unclean hands.

**WHEREFORE**, Defendant prays that a Judgment be entered:

1.     Dismissing Plaintiff's Complaint in its entirety;

2.     Awarding Defendant recovery of its costs associated with this action, including but not limited to reasonable attorneys' fees;

3.     Awarding Defendant such further relief as this Court deems just and proper.

Dated:  New York, New York
       September 30, 2020

Respectfully submitted,

DUANE MORRIS LLP

By: _____

        James F. Rittinger
        Michael H. Gibson
   230 Park Avenue, Suite 1130
   New York, NY 10169
   Tel. (212) 818-9200
   Fax: (212) 818-9606
   Email: jfrittinger@duanemorris.com
        mhgibson@duanemorris.com